AMIN TALATI WASSERMAN, LLP
Matthew R. Orr, Bar No. 211097
William P. Cole, Bar No. 186772
Richard L. Hyde, Bar No. 286023
515 South Flower St., 18th Floor
Los Angeles, CA  90071
Tel:   (213) 933-2330
Fax:   (312) 884-7352
matt@amintalati.com
william@amintalati.com
richard@amintalati.com

Attorneys for Defendant REBBL, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHVA ROFFMAN, as individual, on behalf of herself, the general public and those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>REBBL, INC.,<br><br>    Defendant. | Case No.:  4:22-cv-05290-JSW<br>Honorable Judge Jeffrey S. White<br><br>**DEFENDANT REBBL, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

**DEFENDANT REBBL, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff effectively concedes that her claims based on the front-label protein content statement are expressly preempted.[1] She tries her hand at a slight variation on those claims, contending the front-label protein content statement is misleading because the Nutrition Facts Panel ("NFP") omits a percent daily value (%DV) using PDCAAS. But that theory is preempted as well. *See Roffman v. Perfect Bar, LLC*, No. 22-cv-02479-JSC, 2022 WL 4021714, at *7 (N.D. Cal. Sep. 2, 2022) ("Plaintiff's claims based on the theory that Defendant's front-label protein claims are misleading without the corresponding PDCCAS figures on the nutrition facts panel are expressly preempted.").

Plaintiff's "unlawful"-prong claims under California Business & Professions Code § 17200 ("UCL") fare no better, but for different reasons. Plaintiff's theory that it was unlawful under the UCL for Defendant to omit a %DV from the NFP depends *entirely* on whether that omission or inclusion violated the Federal Food, Drug, and Cosmetic Act (FDCA) and its implementing regulations. Therefore, her UCL "unlawful" claims are implied preempted. *See Davidson v. Sprouts Foods Inc.*, No. 22-cv-01050-RS, 2022 WL 13801090, at *4 (N.D. Cal. Oct. 21, 2022); *Chong v. Kind LLC*, No. 21-cv-04528-RS, 2022 WL 464149, at *4 (N.D. Cal. Feb. 15, 2022).

Plaintiff also fails to plead facts establishing standing to seek injunctive relief. Her speculative, conjectural allegation that Defendant might reformulate the Products' ingredients does not confer Article III standing. And her allegation that she would consider purchasing the *same* (non-reformulated) Products again if Defendant changed the labeling to reflect the %DV does not confer standing. This is merely an "'asserted informational injury that causes no adverse effects'" to plaintiff and thus cannot satisfy Article III. *In re Coca-Cola Prods. Mktg. & Sales Pracs. Litig. (No. II)*, No. 20-15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) (quoting

---

[1] Plaintiff now characterizes this claim as "ancillary" and "preserve[d] solely for appeal purposes." (ECF No. 28, p. 1:2-4)

*TransUnion v. Ramirez*, --- U.S. ---, 141 S. Ct. 2190, 2214 (2021)).

Plaintiff also fails to plausibly allege her legal remedies may be inadequate. She does not even try to explain how the measure of damages for her own alleged injury would differ in any material way from a restitution measure. The issue is whether she has pled facts establishing *her* legal remedies are inadequate, not whether the existence of adequate legal remedies impacts class certification.

For these and the other reasons set forth below, the Court should grant the motion to dismiss.

## II.  ARGUMENT

### A.  Plaintiff's Deception-Based Claims Fail as a Matter of Law

Plaintiff's Complaint advances two deception-based theories—that is, claims that the labeling is false or misleading. First, she alleges the front-label protein claim is misleading because it is based on the nitrogen method. And second, she alleges the front-label protein claim based on the nitrogen method is misleading because Defendant did not include a corresponding percent daily value figure on the nutrition facts panel. Each theory fails as a matter of law.

#### 1.  Express preemption bars Plaintiff's claims that the front-label protein claim is misleading because it is based on the nitrogen method.

Plaintiff's Opposition does not meaningfully dispute that any claims based on her first theory—that the front-label protein claim is misleading because it is based on the nitrogen method—is preempted (ECF No. 28, p.1:2-4 (claims asserted solely to preserve appeal) Thus, all of Plaintiff's causes of action must be dismissed to the extent based on this theory.

#### 2.  Plaintiff's theory that the front-label protein claim is misleading because the %DV is omitted from the NFP is also expressly preempted.

Plaintiff's second theory—that the front-label protein claim based on the nitrogen method is misleading because Defendant did not include a %DV on the NFP—is just a slight variation

on her first theory and is also expressly preempted. *See Roffman v. Perfect Bar, LLC*, No. 22-cv-02479-JSC, 2022 WL 4021714, at *7 (N.D. Cal. Sep. 2, 2022). In *Roffman*, the plaintiff (like Plaintiff here) also attempted to advance two different theories: that the front-label protein claim was itself misleading because it was based on the nitrogen method; and that the front-label protein claim was misleading because the NFP omitted the percent daily value (PDCCAS). *Id.* The court held that *both* theories were expressly preempted. *Id.* With respect to the second theory, the court explained: "Plaintiffs' claims based on the theory that Defendant's front-label protein claims are misleading without the corresponding PDCCAS figures on the nutrition facts panel are expressly preempted." *Id.* "Plaintiff's claim that the nitrogen-method figure on the front label without any other information is misleading conflicts with and is not identical to the FDA regulations and is thus preempted." *Id.*

### B.  Plaintiff's "Unlawful" Claims Are Impliedly Preempted Under *Buckman*

In her opposition, Plaintiff argues an "unlawful"-prong theory of liability under Business & Professions Code section 17200 (the "UCL"). Specifically, she contends Defendant violated the Sherman Law (and, therefore, the "unlawful" prong of the UCL) by making a protein claim on the front label without including the %DV in the NFP. As already explained, Plaintiff has failed to allege a valid deception-based claim with respect to the omission of the %DV claim. Therefore, her UCL "unlawful"-prong claims are predicated *entirely* on her allegation that Defendant violated technical FDA labeling regulations. Stated differently, her "unlawful" claims are strictly limited to UCL claims based only on the theory that a violation of an FDA regulation is a violation of the Sherman Law and is therefore a violation of the UCL's "unlawful" prong.

Defendant recognizes district courts have disagreed over whether the doctrine of implied preemption bars the type of "unlawful" claims asserted by Plaintiff here. But as explained in Defendant's moving papers, a correct application of Supreme Court and Ninth Circuit precedents results in implied preemption. Although "the FDCA does not preempt preexisting state common-law duties that 'parallel federal requirements,' it does preempt state-law claims that ultimately are dependent on the existence of violations of federal law." *Chong v. Kind LLC*, No. 21-cv-

04528-RS, 2022 WL 464149, at *4 (N.D. Cal. Feb. 15, 2022). Here, Plaintiff's UCL "unlawful" claims, like the plaintiffs' claims in *Buckman*, do not rely "on traditional state tort law which had predated the federal enactments in question. On the contrary, the existence of these federal enactments is a critical element in their case." *Buckman v. Plaintiffs' Legal Committee,* 531 U.S. 341, 353 (2001).

No matter how Plaintiff tries to portray it, her allegations that the omission of the %DV violates the Sherman Law *depends entirely* on whether Defendant violated the FDCA. It is undisputed the Sherman Law expressly adopts the FDCA requirements. It is also beyond dispute the Sherman Law automatically adopts all amendments to the FDCA: "All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food labeling regulations of this state." Cal. Health & Safety Code § 110100(a). If the FDCA were amended to remove regulations regarding %DV, there could be no violation of the Sherman Law (or the UCL "unlawful" prong). Similarly, if the FDCA were repealed in its entirety, the alleged Sherman Law violations would cease to exist. In short, there is no question that "the existence of these federal enactments is a critical element" of Plaintiff's UCL "unlawful"-prong claims. *Buckman*, 531 U.S. at 353. Plaintiff cannot state these "unlawful"-prong claims without first establishing a violation of the FDCA. Accordingly, Plaintiff's "unlawful" claims under the UCL are impliedly preempted and must be dismissed. *See Davidson v. Sprouts Foods Inc.*, No. 22-cv-01050-RS, 2022 WL 13801090, at *4 (N.D. Cal. Oct. 21, 2022) (granting motion to dismiss, finding implied preemption barred the plaintiff's "unlawful"-prong claims because the alleged violations of the Sherman Law (and hence the UCL), were entirely dependent upon the FDCA); *Chong*, 2022 WL 464149, at *4 (same).

**C.    Plaintiff Lacks Standing Regarding Products She Did Not Purchase**

There is no controlling Ninth Circuit authority on whether Plaintiff has standing (Article III or statutory) to assert claims regarding products she did not purchase. Plaintiff relies upon district court cases finding that a plaintiff may assert claims based on unpurchased products so

long as the products and alleged misrepresentations are "substantially similar." (ECF No. 28, p.12.)

Defendant acknowledges this Court has previously applied the "substantially similar" theory of standing. *See, e.g., Sanchez*, 2022 WL 4097337, at *4. Defendant respectfully urges the Court not to do so here because no matter how allegedly similar unpurchased products may be, Plaintiff did not suffer economic injury with respect to the unpurchased products, and she therefore lacks both Article III standing and statutory standing. *See, e.g., Lorentzen v. Kroger Co.*, 532 F.Supp.3d 901, 908-09 (C.D. Cal. 2021).

Furthermore, even if the Court decides to apply a "substantially similar" analysis of standing, the Complaint does not in any way establish the substantial similarity of all other "Products." First, Plaintiff alleges that Exhibit B to her Complaint is a "non-exhaustive list" of the "Products" she allegedly challenges. (ECF No. 1, Paragraph 18) To the extent she has not even *identified* any products not listed on Exhibit B, she plainly has not established such unidentified products are "substantially similar." She has not even alleged the composition of the unidentified products and therefore inherently fails to allege facts establishing the composition of all of the products is the same and does not vary significantly. *See Sanchez*, 2022 WL 4097337, at *5. Second, with respect to the four products listed on Exhibit B to the Complaint, Plaintiff merely alleges that they all contain a 16-gram protein claim without a percent daily value. (*See* ECF No. 1, Ex. B.) Neither the Opposition nor the Complaint allege any facts establishing that the *composition* of all the products on Exhibit B, let alone products not identified on Exhibit B, are substantially similar. Thus, even under "a substantially similar" analysis, she fails to plead facts establishing either Article III or statutory standing for any products she did not purchase.

### D. Plaintiff Lacks Standing to Pursue Injunctive Relief

Plaintiff has failed to establish "the *real* and *immediate* threat" of repeated injury required to establish standing to seek injunctive relief. *Chapman v. Pier 1 Imports (U.S.) Inc*, 631 F.3d 939, 946 (9th Cir. 2011) (emphasis added). Instead, she alleges only a "conjectural" threat

contingent on some "possible" reformulation. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) ("Article III standing requires an injury that is actual or imminent, not conjectural or hypothetical.") (citation and quotation omitted); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ("allegations of possible future injury are not sufficient"). That is not sufficient.

Specifically, Plaintiff alleges only two circumstances under which she would even consider purchasing the Products in the future: (1) "[i]f the Products were reformulated to provide, in usable form, the grams of protein that are represented on the labels" or (2) if "the labels were reformulated to provide non-misleading information." (ECF No.1, ¶ 66.) Neither speculative possibility confers Article III standing. First, courts have repeatedly held that an allegation the plaintiff would purchase the product again if the defendant reformulated the ingredients (such as by adding more protein) does not confer standing. *See. e.g., Dailey v. A&W Concentrate Co.*, 519 F.Supp.3d 668, 672 n.3 (N.D. Cal. 2021) ("Dailey's allegation that he would purchase the products again if they 'were reformulated such that the vanilla flavor come exclusively from the vanilla plant' is not sufficient to allege standing for injunctive relief."); *Brown v. Natures Path Foods, Inc.*, No. 21-cv-05132-HSG, 2020 WL 717816, at *6 (N.D. Cal. Mar. 10, 2022) ("Obviously, the Court will not issue a mandatory injunction forcing Nature's Path to create new products with more protein.").

Second, the allegation that Plaintiff would purchase the *same* (non-reformulated) products again if the labels were just corrected to not be (allegedly) misleading also does not confirm standing. In fact, it is precisely the type of standing theory rejected in *In re Coca-Cola Prods. Mktg. & Sales Pracs. Litig. (No. II)*, No. 20-15742, 2021 WL 3878654 (9th Cir. Aug. 31, 2021). There, certain plaintiffs objected to Coca-Cola advertising its product as having "no artificial flavors" and "no preservatives" even though Coke contains phosphoric acid. Those plaintiffs tried to establish standing on the theory they would keep purchasing Coke *even though* it contains phosphoric acid, if Coca-Cola would just stop claiming there are "no artificial flavors" and "no preservatives." That is just like Plaintiff here: her standing theory is that she would keep

purchasing the Products (as presently formulated with plant-based proteins and PDCAAS scores allegedly ranging between .57 and .82) so long as Defendant just provides the percent daily value on the label. Stated differently, this standing theory is that Plaintiff is "interested in purchasing with labeling that comports with regulations." (ECF No. 1, ¶ 66.) As pointed out by the Ninth Circuit in *Coca-Cola*, this is merely an "'asserted informational injury that causes no adverse effects'" to plaintiff and thus cannot satisfy Article III. *Coca-Cola*, 2021 WL 3878654, at *2 (quoting *TransUnion v. Ramirez,* --- U.S. ---, 141 S. Ct. 2190, 2214 (2021)).

Further, to the extent Plaintiff suggests she might purchase the Products by mistakenly believing they have been reformulated, that hypothetical possibility does no confer standing either. *Hangarter*, 373 F.3d at 1021. If Plaintiff ever actually considers purchase the Products again, she can instantly check the labeling to see if the Products are still plant-based (chickpea, pea and tapioca) and still don't have a percent daily value of protein in the NFP (and she can instantly see the grams of protein stated in the NFP). "Under such circumstances, [Plaintiff], 'going forward,' is able to 'evaluate product claims and make appropriate purchasing decisions' as to the Product, and, consequently, injunctive relief 'would serve no meaningful purpose.'" *Nacarino v. KSF Acquisition Corp.*, No. 22-cv-04021-MMC, 2022 WL 17178688, at *3 (N.D. Cal. Nov. 23, 2022) (dismissing claim for injunctive relief for lack of standing) (quotation omitted); *accord Fernandez v. Atkins Nutritionals, Inc.*, No. 3:17-cv-01628-GPC-WVG, 2018 WL 280028, at *15 (S.D. Cal. Jan. 3, 2018) (holding plaintiff allegedly deceived by "net carbs" representation on product packaging lacked standing to seek injunctive relief, as plaintiff "now knows how [defendant] goes about calculating its net carbs claim, and she will not be misled next time").

Plaintiff's reliance on *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), is misplaced. In *Davidson*, the plaintiff wanted to keep purchasing *flushable* wipes but would not have any way of knowing if the defendant's wipes (represented as flushable) were in fact flushable without first buying them and using them. 889 F.3d at 970-72; *Joslin v. Clif Bar & Company*, No. 4:18-cv-0491-JSW, 2019 WL 5690632, at *3 (N.D. Cal. Aug. 26, 2019)

7
**DEFENDANT REBBL, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**

("[u]nlike an ingredient list that discloses the actual ingredients . . . , nothing on the packaging of the wipes could confirm or deny her suspicion that the product was not 'flushable' "). That is not the case here, where Plaintiff can instantly and easily check the labeling before purchase to see whether the Products are still chickpea, pea and tapioca-based, whether there is a front-label protein claim, and whether there is a %DV in the NFP. Plaintiff lacks standing to seek injunctive relief.

### E. Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law

Plaintiff ignores *DeHavilland v. FX Networks, LLC*, 21 Cal.App.5th 845 (2018), which held that, under California law, "[u]njust enrichment is not a cause of action." She makes no effort to address that case. Instead, she cites earlier federal court cases stating that a court can construe an unjust enrichment claim as a quasi-contract claim seeking restitution. This Court should follow *DeHavilland* and should dismiss the unjust enrichment claim.

But even if the Court construed the claims as one for quasi-contract seeking restitution, it would not help Plaintiff because Plaintiff has failed to allege facts establishing her legal claims are inadequate and she therefore fails to state any claim for equitable relief.

Finally, the unjust enrichment claim is duplicative to Plaintiff's CLRA, FAL, UCL and fraud claims, and therefore fails for the same reasons as those other claims, as previously described herein. *See Yu v. Dr Pepper Snapple Group, Inc.*, No. 18-cv-06664-BLF, 2020 WL 5910071, at *7 (N.D. Cal. Oct. 6, 2020).

### F. Plaintiff's Claims for Restitution Fail Because She Does Not Plead Facts Plausibly Establishing Her Legal Remedies Are Inadequate.

The moving papers established that Plaintiff failed to plead facts plausibly establishing her legal remedies are inadequate, and therefore she has failed to state equitable claims for restitution. In opposition, Plaintiff makes three arguments, none of which has merit.

First, Plaintiff asserts that she "does not seek equitable restitution under the CLRA. Plaintiff seeks damages under the CLRA, not restitution." (ECF No. 28, p.14.) This is false. The Complaint expressly alleges that, under her CLRA claim, she seeks "compensatory damages,

punitive damages *and restitution* of any ill-gotten gains due to Defendant's acts and practices." (ECF No. 1, ¶82, emphasis added.) But assuming Plaintiff has now expressly abandoned any claim for restitution under the CLRA, it has no impact on the issue at hand: whether she may have adequate legal remedies available. She expressly confirms that she seeks *damages* under the CLRA. (*See id.*) It is the availability of that legal remedy that bars her claims for restitution (not whether she seeks restitution under the CLRA).

Second, Plaintiff contends that *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), had a unique procedural posture that does not apply here. This is a shopworn argument that has been repeatedly rejected. *See, e.g., Heredia v. Sunrise Senior Living LLC*, No. 8:18-cv-01974-JLS-JDE, 2021 WL 819159, at *4 (C.D. Cal. Feb. 10, 2021) (*Sonner* "made clear that a plaintiff's failure to plead inadequate remedies at law dooms the claim for equitable relief at any stage"); *In re: Macbook Keyboard Litigation*, No. 5:18-cv-02813-EJD, 2020 WL 6047253, at *2 (N.D. Cal. Oct. 13, 2020) ("[T]he question is whether Plaintiffs have adequately pled their claims for equitable relief, and that question is not premature on a motion to dismiss."); *Zaback v. Kellogg Sales Company*, No. 3:20-cv-00268-BEN, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020).

Third, Plaintiff contends her claims for restitution are not "identical" to her claims for money damages, citing allegations in the Complaint that differences between the UCL and FAL claims, on the one hand, and her legal claims for damages, on the other hand, may result in denial of class certification of the damages claims. (ECF No. 28, p.15.) But the relevant question is whether *Plaintiff* may have adequate legal remedies, not whether unnamed class members do or do not. Defendant is challenging *Plaintiff's* claims for equitable relief. And to the extent Defendant is arguing she might ultimately *lose* on her damages claims, that by no means establishes her available legal remedies are inadequate. *See Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095, at *3-4 (N.D. Cal. May 31, 2011) ("[w]here the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable")(emphasis in original). "It matters not that a plaintiff may have no remedy if her

other claims fail." *Munning v. Gap, Inc.*, 238 F.Supp.3d 1195, 1204 (N.D. Cal. 2017). Plaintiff makes no effort to explain how the amount of money she seeks in damages differs in any way from the amount she seeks in restitution. This is dispositive. *See Sonner*, 971 F.3d at 844 (dismissing UCL claim where plaintiff had an adequate legal remedy—a claim for damages under the CLRA—and the plaintiff failed to explain how the measure of money damages would be different from that of restitution).

### III. CONCLUSION

For the foregoing reasons, this Court should grant Defendant's Motion to Dismiss in its entirety.

Dated: December 30, 2022                AMIN TALATI WASSERMAN, LLP


/s/ *Matthew R. Orr*
Matthew R. Orr
William P. Cole
Richard L. Hyde

Attorneys for REBBL, Inc.

# CERTIFICATE OF SERVICE

(United States District Court)

I hereby certify that on the 30th day of December, 2022, I caused the electronic filing of the foregoing document, through the CM/ECF system. The aforementioned document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *Matthew R. Orr*
Matthew R. Orr

**DEFENDANT REBBL, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**