UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHVA ROFFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>REBBL, INC.,<br><br>    Defendant. | Case No. 22-cv-05290-JSW<br><br>**ORDER GRANTING MOTION TO STAY, REQUIRING JOINT STATUS REPORTS, AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 39, 42 |

Now before the Court for consideration is the motion to stay filed by Defendant REBBL, Inc. ("Rebbl"). The Court has considered the parties' papers, including Plaintiff's statement of recent decision, relevant legal authority, and the record in this case and HEREBY GRANTS Rebbl's motion.

Plaintiff Mehva Roffman ("Roffman") alleges that Rebbl misrepresents the amount of protein contained in its energy beverages. Rebbl moved to dismiss the complaint, in part, on the basis that Roffman's claims were expressly or impliedly preempted by the Federal Food, Drug and Cosmetics Act ("FDCA"). The Court granted the motion in part because Roffman conceded one of her claims was expressly preempted. The Court denied, in part, Rebbl's motion on the remaining preemption arguments, with leave to renew those arguments on a more developed record. *Roffman v. Rebbl, Inc.*, -- F. Supp. 3d --, 2023 WL 1420724, at *4-*5 & n.4 (N.D. Cal. Jan. 31, 2023).

As the Court noted in its Order on Rebbl's motion to dismiss, this case one of a number of recent cases raising challenges to protein claims on food labels brought by Roffman and/or her counsel. *See, e.g., Roffman v. Perfect Bar, LLC*, No. 22-cv-02479-JSC, 2022 WL 4021714 (N.D. Cal. Sept. 2, 2022) ("*Perfect Bar*"); *Brown v. Van's Int'l Foods, Inc.*, No. 22-cv-00001-WHO, --

F. Supp. 3d --, 2022 WL 3590333 (N.D. Cal. Aug. 22, 2022) ("*Van's II*"); *Chong v. Kind, LLC*, 585 F. Supp. 3d 1215 (N.D. Cal. 2022). In addition, the United States Court of Appeals for the Ninth Circuit is considering three cases that addressed the preemption issues raised by Rebbl in this case: *Nacarino v. Kashi Co.*, 584 F. Supp. 3d 806, 807-09 (N.D. Cal. 2022) ("*Kashi Co.*"), *Brown v. Kellogg Co.*, No. 21-cv-7388-VC, 2022 WL 983268 (N.D. Cal. Apr. 1, 2022) ("*Kellogg*"), and *Davidson v. Sprout Foods, Inc.*, No. 22-cv-01050-RS, 2022 U.S. Dist. LEXIS 192450 (N.D. Cal. Oct. 21, 2022) ("*Davidson*"). Rebbl asks the Court to use its inherent power and stay these proceedings pending the resolution of those appeals.[1]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "'[I]f there is even a fair possibility that the stay . . . will work damage to some one [sic] else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 256). The movant has the burden of showing that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

The Court must consider several competing interests. First, the Court considers "possible damage which may result from granting a stay[.]" *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). Roffman argues that she, and the putative class, would be harmed by a stay because evidence could dissipate but cites no concrete examples of testimony or documents that could be lost. *See, e.g., Trim v. Mayvenn, Inc.*, No. 20-cv-03917-MMC, 2020 WL 6460543, at *3 (N.D. Cal. Nov. 3, 2020) (concluding that a "concern that the requested stay [would] result in a loss of evidence [was], in the absence of supporting facts, no more than speculation").

Roffman also prays for prospective injunctive relief and asserts she and the putative class would suffer ongoing harm if Rebbl's conduct is not enjoined. Roffman has not moved for a

---

[1] Roffman's counsel represents the plaintiffs in each of those cases.

preliminary injunction, and Rebbl once again challenges her standing to seek injunctive relief. In these circumstances, the Court concludes this factor weighs only slightly against granting the motion. *See, e.g., Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014).

Second, the Court considers "the hardship or inequity which a party may suffer in being required to go forward[.]" *CMAX*, 300 F.2d at 268 (citing *Landis,* 299 U.S. at 254-55). Roffman asserted the Front Label Claim to preserve it in the event the Ninth Circuit reverses *Kashi Co.* and *Kellogg*. Rebbl argues that it would be forced to incur significant litigation expenses and may be required to duplicate discovery and motion practice if the Ninth Circuit does resurrect that claim. It also argues that it should not be forced to expend resources on the claims the Court has permitted to proceed because, if the Ninth Circuit affirms in *Davidson*, it would be the "death knell" for those claims. (Mot. at 5:23.) Yet, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant, Inc.*, 398 F.3d 1098, 1112 (9th Cir. 2005). The Court concludes this factor also weighs slightly against granting the motion.

Finally, the Court considers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). Roffman argues the appeals do not address each of her theories of liability and argues the *Davidson* appeal is unlikely to be resolved in a way that favors Rebbl. The Court "may . . . enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case," but the separate proceeding need not be "controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Even if they do not resolve all of her claims, Roffman does not seriously dispute the Ninth Circuit's decision would provide guidance on two of her three theories of liability. Although there is no time limit by which the Ninth Circuit must issue an opinion, it states that "most cases are decided within three months to a year after

1  submission."[2]

2  The Court concludes that this factor weighs strongly in favor of granting the stay and, for
3  that reason, GRANTS Rebbl's motion. The parties shall file status reports regarding the status of
4  the proceedings before the Ninth Circuit every 180 days, beginning on December 21, 2023. In
5  addition, nothing in this Order shall preclude any party from moving to lift the stay before the
6  appeals are resolved. In light of this ruling, the Court DENIES Rebbl's motion to dismiss without
7  prejudice. Rebbl may renew that motion after the stay is lifted.

8  **IT IS SO ORDERED**.

9  Dated: June 26, 2023

_____
JEFFREY S. WHITE
United States District Judge

---

[2] See https://www.ca9.uscourts.gov/general/faq (last visited May 23, 2023).