UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHVA ROFFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>REBBL, INC.,<br><br>    Defendant. | Case No. 22-cv-05290-JSW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 62 |

Now before the Court for consideration is the motion to dismiss filed by Defendant Rebbl, Inc. ("Rebbl"). The Court has considered the parties' papers, relevant legal authority, and the record in this case and HEREBY GRANTS Rebbl's motion.

**BACKGROUND**

The facts underlying this dispute are set forth in the Court's Order granting, in part, and denying, in part, Rebbl's motion to dismiss the original complaint filed by Plaintiff Mehva Roffman ("Roffman"). *See Roffman v. Rebbl, Inc.*, 653 F. Supp. 3d 723, 726-27 (N.D. Cal. 2023). The Court will not repeat them here except as necessary to the analysis. In brief, Roffman alleges the manner in which Rebbl advertises the amount of protein in its beverages is both unlawful and misleading. *Id.*

Roffman asserts claims on behalf of herself and putative classes for alleged violations of California's Consumer Legal Remedies Act ("CLRA"), California's False Advertising Law ("FAL"), California's Unfair Competition Law("UCL"), as well as common law claims for fraud and unjust enrichment. Roffman seeks damages, restitution, and injunctive relief. (First Amended Class Action Complaint ("FAC") ¶¶ 82, 92, 113-114, 120.)

**ANALYSIS**

The legal standards governing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) are set forth in the Court's previous Order and will not be repeated here. *Roffman*, 653 F. Supp. 3d at 727-28. Rebbl argues that Roffman still fails to allege that her legal remedies are inadequate precluding her requests for equitable monetary relief. *See Sonner v. Premier Nutrition, Inc.*, 971 F.3d 834, 843-44 (9th Cir. 2020) ("[T]he traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action.").

Roffman continues to allege that "if the Court requires [her and the putative class] to show classwide reliance and materiality beyond the objective reasonable consumer standard" and that if she and the putative class are not able to demonstrate the requisite *mens rea*, they may be unable to obtain damages. (*See* FAC ¶¶ 92, 114.)[1] For the reasons set forth in its previous Order, the Court again concludes those allegations are not sufficient to show Roffman lacks an adequate legal remedy. *Roffman*, 653 F. Supp. at 731 ("Roffman's inability to obtain damages here would result from her CLRA and common law claims' failure on the merits not that there is an inherent limitation of the legal remedy that renders it inadequate.").

In her UCL Claim, Roffman also alleges that she:

> seeks, on behalf of herself and those similarly situated, equitable relief, including the restitution for the premium and/or full price that they or others paid to Defendant as a result of Defendant's conduct. Plaintiff and the Subclass lack an adequate remedy at law to obtain such relief with respect to their "unlawfulness" claims in this UCL cause of action because the California Sherman Law does not provide a direct cause of action, so Plaintiff and the Subclass must allege those violations as predicate acts under the UCL to obtain relief. *Plaintiff's "unlawfulness" claims based on Defendant's failure to provide a %DV in the NFP of the Products are not based on the reasonable consumer standard and distinct [sic] from her fraud-based claims and Plaintiff has no legal remedy for these claims. The Court has ruled that Plaintiff's fraud claims and unlawfulness claims are distinct and that her fraud claims may be expressly pre-empted, whereas her unlawful claims are not expressly pre-empted. [Citing Roffman, 653 F. Supp. 3d at 729-30.]*

---

[1] Roffman acknowledges the Court previously rejected this argument but includes it to preserve the matter for appeal. (Opp. Br. at 7 n.1.)

1  (FAC ¶ 113 (amendment emphasized).)  Roffman argues that the only way to obtain relief for this
2  allegedly unlawful conduct is under the UCL, but the Court considered that argument when it
3  considered her allegations that the Sherman Act did not provide a private right of action.
4  Moreover, Roffman's new allegations are legal conclusions, not facts.
5      The Court concludes once again that Roffman's allegations do not establish that the
6  damages she seeks are necessarily inadequate or incomplete.

## CONCLUSION

    For the foregoing reasons, the Court GRANTS Rebbl's motion to dismiss and dismisses Roffman's UCL and FAL claims only to the extent she seeks equitable monetary relief as a remedy.  The Court also dismisses the unjust enrichment claim.

**IT IS SO ORDERED**.

Dated: December 4, 2024

_____
JEFFREY S. WHITE
United States District Judge